UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARKELL DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 20-cv-4129-JBM |
| ) | |
| SHERIFF DAVE CLAGUE , et al., ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW

Plaintiff, currently in the custody of the Henry County Jail and proceeding *pro se*, files a § 1983 claim regarding conditions of confinement at the Knox County Jail ("Jail"). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on two occasions he was subjected to a facility-wide lockdown. The first occurred on March 7, 2020 and lasted seven days. The second occurred on May 14, 2020 and lasted six days. Plaintiff does not know the reason for the first lockdown while the second was in response to a disturbance on Pod E. Plaintiff claims violations of due process, as he was locked down without notice, and violations of the Eight Amendment as he was denied the opportunity to exercise during both lockdowns and not allowed to shower during the first.

1

## ANALYSIS

As Plaintiff was a pretrial detainee during the events at issue, his claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need establish only that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482, at *12.

Even though Plaintiff styles his claim as arising under the due process clause of the Fourteenth amendment, his claim as to the lockdowns is properly viewed as a Fourteenth Amendment challenge to the conditions of his confinement. *See Miller v. Winnebago County Sheriff's Office*, No. 18-50334, 2019 WL 184078, at *2 (N.D. Ill. Jan. 14, 2019) ("[p]retrial detainees do not have a 'general liberty interest in movement outside [their] cell[s] guaranteed by the Due Process Clause.' [W]hether a lockdown (or repeated lockdowns) violates an inmate's rights is examined as a conditions-of-confinement claim." (Internal citations omitted).

In order to state a claim for unconstitutional conditions of confinement, a pretrial detainee must sufficiently allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." Id. at *2 citing *Darnell v. Pineiro*,

849 F.3d 17, 35 (2d Cir. 2017). "[F]requent or protracted lockdowns may create conditions amounting to a constitutional deprivation when the periods of confinement deny an inmate the ability to exercise and trigger health concerns." *Id*. at \*3 citing *Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013) (prisoner stated claim where there were frequent lockdowns over a 33-month period, with the longest continuous lockdown lasting 81 days); *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015) (lack of exercise can rise to the level of a constitutional violation when movement is denied to the extent that it causes muscle atrophy).

It is well-recognized, however, that Jails must periodically put inmates on lockdown in furtherance of legitimate penological goals. *Salem v. Kaupas*, No. 12-3141, 2014 WL 2699737, at \*2 (N.D. Ill. June 13, 2014). As a result, "plaintiff bears the burden to present 'something more' that shows that the lockdowns constitute 'punishment.'" *Id.* at \*2 citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). "Thus, to show that the lockdowns constitute an unconstitutional punishment, that 'something more' must amount to a showing of 'atypical and significant hardship.'" *Salem*, 2014 WL 2699737, at \*3.

Plaintiff fails to plead a colorable claim for inhumane conditions of confinement where he was subjected to two one-week lockdowns and unable to exercise and, for a one-week period, unable to shower. The facts do not sustain a claim that Plaintiff was exposed to "an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. The complaint is DISMISSED.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as Plaintiff cannot state a colorable claim under these facts. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. Plaintiff's pending motion to

proceed *in forma pauperis* [3], is rendered MOOT. All internal deadlines and pending matters are VACATED.

     2)    If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

| | |
|---|---|
|  10/30/2020 | s/Joe Billy McDade |
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |